IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

GENLABS                                                                    PLAINTIFF

Case Number: **3:03CV00259GH**

VALUE HOME PRODUCTS, LLC., ET AL.
DEFENDANTS

## ORDER

Pending before the Court is the motion of Thomas A. Young and James C. Hale, III, to withdraw as counsel for defendants. Plaintiff objects to the request.

On August 22, 2003, Genlabs filed this action for breach of contract and fraud. The individual defendants and the corporate defendant Value Home Products each filed an answer; Value Home Products filed a counterclaim. The individual and corporate defendants were represented by Paul James of James & Carter, PLC and James C. Hale, III, of the Hale Law Firm. On December 17, 2003, the Court issued a scheduling order setting the case for trial on August 9, 2004.

On March 22, 2004, defendants filed a motion for enlargement of time to respond to discovery requests and a motion for protective order. Counsel for defendants filed a motion to withdraw. The motions contended that the individual defendants had developed a conflict of interest, that their legal positions were adverse to each other and that they refused to agree to a waiver of the conflict. Counsel also alleged that defendants had failed to substantially fulfill their financial obligation to the law firms. Defendants requested an extension of time to retain new counsel and to respond to discovery requests.

The Court, by Order entered April 7, 2004, granted the motion to withdraw, granted defendants fifteen days to obtain substitute counsel and twenty days thereafter to respond to the discovery requests.

-1-

On May 26, 2004, defendants, through their attorney Paul James of James & Carter, PLC, filed a motion for continuance and extension of time. Counsel stated that he and defendants had had numerous conferences, and that defendants had been unable to find alternative counsel. Defendants had executed waivers of their respective conflicts of interest and retained James to represent them. Therefore, the law firm of James & Carter, PLC, entered their appearance as counsel but asked that the August 9th trial date be continued to allow defendants to adequately prepare for trial. Plaintiff objected to defendants' request for continuance of the August 9th trial date, stating that the request was a delay tactic of defendants.

On June 10, 2004, the Court entered an Order granting defendants' motion for continuance. A new scheduling order filed January 19, 2005, set the jury trial for August 15, 2005.

On February 7, 2005, defendants filed a motion to withdraw and substitute counsel. Defendants requested that James & Carter, PLC, be allowed to withdraw as counsel and that Hale, Holitik, & Young, formerly known as the Hale Law Firm, be substituted as sole counsel for defendants. Plaintiff had no objection to the request and the Court granted the motion on February 15, 2005.

On June 17, 2005, plaintiff filed a motion to compel, stating that defendants have failed to respond to plaintiff's second set of requests for production of documents. Defendants have not responded to the motion, which remains pending.

On July 7, 2005, defendants' counsel, Young and Hale filed a motion to withdraw. They state that during a June 23, 2005, meeting, it became clear to counsel that a conflict existed between the separate defendants regarding possible defenses and the possibility of cross-claims being filed. Counsel advised the individual defendants that they needed to retain separate attorneys to represent them and that because of the conflict Hale and Young would be forced to withdraw. Counsel state that they were only made aware of the conflict on June 23, 2005.

Plaintiff objects, stating that allowing defense counsel to withdraw would be prejudicial to plaintiff, as it would delay the trial. Furthermore, plaintiff states that counsel were previously aware of a conflict of interest, that the defendants had waived it, and that counsel should be bound to their representation.

The Court will not permit defendants to once again raise "conflict of interest" as a ploy to continue this trial. Defense counsel were well aware of a possible conflict of interest when they initially represented defendants almost 2 years ago. The time has long passed for defendants to be allowed leave to file cross-claims, and defendants have failed to do so. There is no indication by counsel as to how the "newly discovered" conflict differs in substance from that previously known to them.

The Court will not continue the August 9th trial. The Court will not require counsel to remain on the case if representation is clearly violative of the Code of Professional Conduct. It is unclear from the motion and history of this case whether withdrawal is warranted under the circumstances. If counsel cannot represent defendants, then counsel should make arrangements for substitute counsel to appear with defendants at the August 9th trial. The Court will then reconsider the motion to withdraw. Defendants are expected to appear at trial, either with newly retained counsel., counsel who currently represent them, or pro se. The August 9th trial will proceed as previously scheduled.

The motion to compel is granted. Defendants shall provide the documents requested within eleven days of the date of this Order.

Accordingly, the motion to withdraw is denied without prejudice to renew, the motion to compel is granted.

IT IS SO ORDERED this 18th day of July, 2005.

_____
UNITED STATES DISTRICT JUDGE